**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  14-cv-03003-LTB-NYW

ALISA AIRD,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC
f/k/a Lowe's HIW, Inc.,

    Defendant.

_____

## [PROPOSED] STIPULATED PROTECTIVE ORDER
_____

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of Stipulated Protective Order to protect the discovery and dissemination of trade secrets or other confidential research, development, personnel or commercial information and information that will improperly annoy, embarrass, or oppress any party, witness, or person in this case,

IT IS ORDERED:

1.     This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

Information designated "Confidential" shall be information <u>that is maintained as confidential and</u> implicates common law and/or statutory privacy interests. Confidential Information may also include private financial, employment, or medical information of Plaintiff Alisa Aird ("Plaintiff"), or confidential business information about Defendant Lowe's Home Centers, LLC ("Defendant"), and Confidential Information about Defendant's employees, contained in medical records, employee personnel files, and/or portions of documents that contain information generally considered to be confidential such as social security numbers, dates of birth, and other personal identifying information. <u>As a condition of designating documents for confidential treatment, the documents must be reviewed by a party's legal counsel and a good faith determination must be made that the documents are entitled to protection.</u>

3. The parties recognize that Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, Defendant's employees' duties and performance, Defendant's employees' discipline and promotions, personnel decisions, and other documents related to the Defendant's employees and Plaintiff's employment with Defendant.

4. Designation of information as Confidential shall not affect its discoverability.

2

5. As a condition of designating documents for confidential treatment, the documents must be reviewed by a party's legal counsel and a good faith determination must be made that the documents are entitled to protection.

6. A party designating documents as Confidential Information may do so by marking such material with the legend Confidential.

7. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action through their attorneys of record. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information shall be treated as confidential under the terms of this Stipulated Protective Order. All disputed information shall be treated as Confidential until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information. Any designation of

3

    Confidentiality or challenge of a designation of Confidentiality shall be governed by Fed. R. Civ. P. 26(c)(1).

8. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. Confidential documents, materials, and information (collectively, the "**Confidential Information**") shall not be disclosed or used for any purpose except the preparation and trial of this case.

10. If a Party desires to use Confidential Information in a motion or, at a pretrial hearing, said Party must file a motion to restrict access, pursuant to D.C.COLO.L.Civ.R 7.2(c), prior to filing the Confidential Information with the Court.  <u>Notwithstanding the foregoing, nothing in this Protective Order should be construed as an affirmative ruling that any motion to restrict will be granted, even if the Parties so stipulate</u>.  If a Party desires to use Confidential Information at trial, said Party shall specifically identify the Confidential Information that it/they intend to introduce at trial in the Final Pretrial Order, pursuant to D.C.COLO.L.Civ.R 16.3.

11. All Confidential Information designated "**Confidential**" may be reviewed only by the following persons:

4

    a. the respective parties' legal counsel working on this case;

    b. persons regularly employed or associated with the respective parties' legal counsel whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

    c. the parties, including Plaintiff's and Defendant's representative(s) and any designated advisory witnesses who are directly assisting said attorneys in the preparation of this case;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    e. the Court and its employees in any proceeding herein;

    f. stenographic or videographer reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses during the course of their testimony and in preparation for testimony; and

    h. other persons by written agreement of the parties.

12. Before the parties or their counsel may disclose any Confidential Information to persons contemplated by Subparagraphs 11(d), 11(g), and 11(h) of this Stipulated Protective Order, other than a witness during his or her testimony, such person shall be provided a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment stating that he or she has read the Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be

      retained by counsel and shall be subject to an in camera review by the Court if opposing counsel demonstrates good cause for review. In the event any counsel of record determines that persons other than those referenced in Paragraph 11 above have a need to review any Confidential Information, written authorization of the party who produced the Confidential Information must be obtained in advance of such disclosure. The disclosing counsel will need to follow the notice and acknowledgment procedure set forth in this paragraph, prior to disclosing Confidential Information to a third-party that is not referenced in Paragraph 11 above. Should the party who produced the Confidential Information refuse such authorization, counsel may apply to the Court for authorization.

13. The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegals, employees, and associates are precluded from producing or providing copies of any documents or materials subject to this Stipulated Protective Order to any print, electronic, or news media representatives, employees, or agents and are prohibited from disclosing any information contained in such documents to those individuals except information lawfully acquired independently of those documents.

14. Any item or information inadvertently furnished by the producing party or nonparty during the course of this litigation without designation of Confidential may nevertheless subsequently be designated as Confidential Information under this Order, but only if counsel for the producing party provides prompt written notice to all receiving parties of the inadvertent production within twenty (20) days after the

6

production and requests that the receiving parties thereafter treat such information as Confidential Information under this Order. No disclosures of such inadvertently produced information shall be deemed to violate this Order if the disclosure is made prior to the receipt of notice of the producing Party's designation of the information as Confidential Information.

15. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity. Within thirty (30) days after the conclusion of this litigation, including any appeals, unless other arrangements are agreed upon, each document and copies thereof which have been designated as Confidential shall be stored by counsel in a manner which will preclude others, including the parties and their agents (other than undersigned counsel), from obtaining such documents. Moreover, copies of all deposition transcripts referring to the Confidential documents shall be sealed by counsel. The parties will continue to be bound by the terms of this Protective Order with respect to any Confidential document or deposition transcript referring to Confidential documents stored by counsel after the conclusion of this litigation.

16. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information in this action.

17. Nothing in this Protective Order precludes a party from making any use of documents that were lawfully in its possession at the beginning of this lawsuit.

18. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

DATED this 13th day of April, 2015.

BY THE COURT:

s/ Nina Y. Wang
_____
Nina Y. Wang
United States Magistrate Judge


APPROVED AS TO FORM:

*s/ Danielle C. Jefferis*
David Lane, Esq.
Danielle C. Jefferis, Esq.
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
dlane@KLN-law.com
djefferis@KLN-law.com

*Attorneys for Plaintiff
Alisa Aird*


*s/ Beth Ann Lennon*
Vance O. Knapp, Esq.
Beth Ann Lennon, Esq.
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO  80202
(303) 299-8162
(303) 299-8102
(303) 298-0940 (fax)
vknapp@shermanhoward.com
blennon@shermanhoward.com

*Attorneys for Defendant
Lowe's Home Centers, LLC*